**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **KAREN A. ATWOOD, ADMINISTRATOR TO THE ESTATE OF, LAWRENCE J. CORNWELL, DECEASED** | : | **Case No.:** |
| | : | **Judge:** |
| 1320 Eagles Way Xenia, Ohio 45385 | : | |
| | : | |
| **Plaintiff,** | : | **COMPLAINT FOR PERSONAL INJURIES; WITH JURY DEMAND** |
| **vs.** | : | **ENDORSED HEREON** |
| | : | |
| **DELTA AIR LINES, INC. c/o Corporation Service Company, SA** | : | |
| 50 West Broad Street, Suite 1330 Columbus, OH 43215 | : | |
| and | : | |
| **SOCIÉTÉ AIR FRANCE 5, rue de Paris 95747 Roissy-CDG Cedex France** | : | |
| | : | |
| and | : | |
| | : | |
| **SERVAIR INC. Bâtiment ALTAÏ - Roissypôle Ouest 10-14 rue de Rome - BP 19701 Tremblay en France CC 24 - 95726 Roissy-CDG Cedex France** | : | |
| **Defendants.** | | |

## COMPLAINT

NOW COMES Karen A. Atwood, Administrator of the Estate of the Deceased, Lawrence J. Cornwell, through their undersigned counsel and complaint against Defendant, Delta Air Lines, Inc., Société Air France and Servair Inc.. As follows:

## PARTIES

1.      At all relevant times, Lawrence J. Cornwell was a resident of the City of Moraine, Montgomery County, Ohio. Mr. Cornwell was in his late sixties, was a double amputee, and was disabled as a result of those ailments.

2.      Lawrence J. Cornwell died on July 6, 2019. An Estate was opened in Montgomery County, Ohio and Plaintiff's sister, Karen A. Atwood, was named Administrator to the Estate.

3.      Defendant Société Air-France (hereinafter "Air-France") is a foreign corporation and international airline. Upon information and belief its principal place of business is Paris, France, and its U.S. headquarters are in New York, New York.

4.      Defendant Servair Inc. (hereinafter "Servair") is an airline servicing business, which provides several services including but not limited to mobility assistance to passengers boarding and exiting flights, and many other aviation-related services.

5.      Delta Air Lines, Inc. (hereinafter "Delta") is a Delaware corporation with a primary place of business in Atlanta, Georgia. Delta is a United States-based airline and air carrier that provides customers with flights to various locations around the world.

## JURISDICTION AND VENUE

6.      This court has original and supplemental jurisdiction pursuant to 28 U.S.C.A. § 1331(a) and 28 U.S.C.A. § 1367, in that this matter arises under the laws, regulations and treaties of the United States, including but not limited to the Warsaw Convention, (49 U.S.C.A. § 1502 note (1976)) and its modifications; 14 C.F.R. §§ 203 et. seq.; the Montreal Convention of 1999; the IATA Inter-Carrier Agreements on Passenger Liability (IIA) and the Agreement on Measures to Implement the IATA Inter-carrier Agreement (MIA); and/or related Tariffs. Additionally the amount in controversy exceeds $10,000 as provided by 28 U.S.C.A. § 1337.

7.      Pursuant to Article 33 of the Montreal Convention, this action for damages is brought before the Court at the place of Mr. Cornwell's permanent residence at the time of the accident, to or from which the carrier operates flights on its own aircraft or indirectly on another

carrier's aircraft pursuant to a commercial agreement, and carrier conducts its business of carriage of passenger by air from premises leased or owned by the carrier itself or by another carrier with which it has commercial agreements.

8.     Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

9.     Venue is properly vested in this Court pursuant to 28 U.S.C § 1391(b).

## FACTS

10.     On September 10, 2018, Lawrence J. Cornwell was traveling internationally on Air-France and Delta flights from the city of Berlin in the country of Germany to the city of Dayton in the state of Ohio, in the United States of America.  Cornwell was required to change aircrafts in Paris, France and in Atlanta, Georgia.

11.     Prior to the flight, Mr. Cornwell had made Defendants aware of his physical problems and requested assistance in getting him onto and off of the planes on each leg of his itinerary, including in Paris, France.

12.     After the flight landed in Paris, Defendants' employees and agents boarded the plane to move Mr. Cornwell from his seat into an airline wheelchair.

13.     Defendants, through their agents and/or employees, employees failed to properly secure Mr. Cornwell in the chair and /or transport him from the aircraft to another aircraft. As a result, Mr. Cornwell fell out of the chair when he was disembarking the Air-France flight and/or embarking onto the Delta flight.

14.     Mr. Cornwell suffered injuries as a result of the fall, including a fractured right femur, requiring emergency transport to a hospital in France with a ten day hospitalization including open reduction and internal fixation surgery.

## COUNT I –Negligence

15.     Plaintiff restates and realleges the allegations made in ¶¶ 1-14 as set forth above.

16.     Defendants had a duty of care to Mr. Cornwell to, among other things, ensure that he was safely and properly transferred from his plane seat to an airline wheelchair, taken off the plane, transported to the next flight, and transferred from the wheelchair into his seat on the plane.

17.     Defendants breached that duty by, among other things, failing to properly secure Mr. Cornwell in the wheelchair before beginning to debark him from the plane, and by failing to comply with reasonable precautions as identified in 14 CFR Part 382.

18.     At all times material to this action, the Defendants' flights and transport on which Mr. Cornwell was a passenger were operated as a common carrier engaged in the business of transporting fare-paying passengers by air. As a common carrier, Defendants' and their agents, servants and/or employees owed the highest duty of care to its passengers, including Mr. Cornwell, a passenger.

19.      Defendants and their agents, servants and employees, acting within the scope of their agency, service and/or employment, knowingly, recklessly, willfully, negligently, tortiously and/or carelessly placed Mr. Cornwell at risk of grave injury by failing to properly secure him in a wheelchair and/or transport him off the plane and to his connecting flight, which could and did result in severe injury.

20.     Defendant's acts and omissions, their breaches of their duties as a common carrier, and their failure to meet the applicable standards, principles, and practices proximately caused injuries and damages to Mr. Cornwell, including but not limited to serious physical injuries, medical expenses, out of pocket expenses, pain and suffering, emotional distress, loss of enjoyment of life, physical disability, trauma, fear, fright, embarrassment, and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

21.     As a direct and proximate result of Defendants' actions and/or inactions, Mr. Cornwell sustained injuries and damages as follows:

  a.      Bodily injuries, including but not limited to a fractured femur;

  b.      Great pain and suffering both physical and emotional, and loss of ability to perform usual functions;

  c.      Reasonable and necessary medical expenses in an amount in excess of 23,090.00 Euros;

**WHEREFORE**, Plaintiff, Karen A. Atwood, Administrator to the Estate of, Lawrence J. Cornwell, deceased, demands judgment against the Defendants, Air-France, Servair, and Delta, in an amount in excess of $75,000.00, plus interest and the cost of this action.

## Count II - Claim Under Montreal Convention

22.     Plaintiff restates and realleges the allegations made in ¶¶ 1-21 as set forth above.

23. Mr. Cornwell's injuries were caused by an external event that was unusual or unexpected, which took place during the operation of embarking onto or disembarking from the aircraft.

24. Defendants' employees and/or agents' actions in failing to properly secure Mr. Cornwell in a wheelchair, disembark him from the aircraft and properly transport him onto the next aircraft was external to Mr. Cornwell.

25. It is unusual for Defendants' employees and/or agents to fail to properly secure a passenger with ambulatory and/or mobility difficulties in a wheelchair when embarking or disembarking him from an aircraft

26. It is unusual for Defendants' employees and/or agents to fail to properly transport a passenger with ambulatory and/or mobility difficulties from an aircraft to and onto another aircraft.

27. Defendants' employees and/or agents' actions and/or inactions that injured Mr. Cornwell constitute an accident under Article 17 of the Montreal Convention.

28. Mr. Cornwell was not negligent and did not cause or contribute to his injuries.

29. Mr. Cornwell did not engage in a wrongful act or omission which caused or contributed to his injuries.

30. As a direct and proximate result of Defendants' actions and/or inactions, Mr. Cornwell sustained injuries and damages as follows:

a. Bodily injuries, including but not limited to a fractured femur;

b. Great pain and suffering both physical and emotional, and loss of ability to perform usual functions;

c. Reasonable and necessary medical expenses in an amount in excess of 23,090.00 Euros;

**WHEREFORE**, Plaintiff, Karen A. Atwood, Administrator to the Estate of, Lawrence J. Cornwell, deceased, demands judgment against the Defendants, Delta, Air France, and Servair, in an amount in excess of $75,000.00, plus interest and the cost of this action.

Respectfully submitted,


/s/ Kenneth J. Ignozzi_____
Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
Dyer, Garofalo, Mann, & Schultz
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Tel:  (937) 223-8888; Fax:  (937) 824-8630
Email: kignozzi@dgmslaw.com


### JURY DEMAND

Now comes Plaintiff, Karen A. Atwood, Administrator to the Estate of, Lawrence J. Cornwell, deceased, by and through counsel, and hereby demands a trial by jury on all issues of this matter.


Respectfully submitted,


/s/ Kenneth J. Ignozzi_____
Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
Dyer, Garofalo, Mann, & Schultz
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Tel:  (937) 223-8888; Fax:  (937) 824-8630
Email: kignozzi@dgmslaw.com