**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KAREN A. ATWOOD, ADMINISTRATOR TO THE ESTATE OF LAWRENCE J. CORNWELL, DECEASED, | : : : : | Case No. 3:20-cv-329 |
| Plaintiff, | : : | Judge Thomas M. Rose |
| v. | : : | |
| DELTA AIR LINES, INC., *et al.*, | : : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING AIR FRANCE'S MOTION TO DISMISS THE AMENDED COMPLAINT (DOC. NO. 21) AND DISMISSING THIS CASE, WITHOUT PREJUDICE TO REFILING, BASED ON *FORUM NON CONVENIENS***

This case is before the Court on the Motion to Dismiss the Amended Complaint (Doc. No. 21) (the "Motion"), filed by Defendant Société Air France ("Air France") and joined by Defendant Delta Air Lines, Inc. ("Delta") (Doc. No. 22).  Among other things, Air France and Delta argue that "the case should be dismissed on … *forum non conveniens* grounds because France is a more convenient forum for this litigation, which arises from an alleged incident at Charles de Gaulle Airport in Paris, France involving the conduct of two French entities."  (Doc. No. 21 at PageID 89.)  Plaintiff Karen A. Atwood, Administrator to the Estate of Lawrence J. Cornwell, Deceased ("Atwood") responded by stipulating to dismissal on such grounds.  (*See* Doc. No. 25 at PageID 159 ("In light of Delta Airlines and Air France's declarations waiving any statute of limitations defense and opposition to jurisdiction if this case is dismissed for forum non conveniens, Plaintiff stipulates to the dismissal of the herein action on forum non conveniens grounds").  Atwood points out that no party has opposed dismissal of this lawsuit on *forum non conveniens* grounds, and the

1

two other defendants who have not yet appeared (or, to the Court's knowledge, been served in this action) are themselves located in France. (*See* Doc. No. 12 at PageID 57; Doc. No. 24.)

Additionally, dismissal on *forum non conveniens* grounds is appropriate. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363-64 (6th Cir. 2008) (setting forth standards for conducting a *forum non conveniens* analysis); *Eldeeb as Trustee for Eldeeb v. Delta Air Lines, Inc.*, Civil No. 18-1128, 2018 WL 643539 (D. Minn. Dec. 7, 2018) (granting motion to dismiss based on *forum non conveniens* in a similar scenario). Air France has shown—and Atwood has not argued otherwise—that France provides an adequate alternative forum and that balancing private and public factors weigh in favor of dismissal on *forum non conveniens* grounds. (*See* Doc. No. 21-1 at PageID 106-114.)

Because dismissal is appropriate under the principle of *forum non conveniences*, the Court will not address the other ground(s) for dismissal raised in the Motion. *See Eldeeb*, 2018 WL 643539, at *3 (explaining that, "[s]hould the French court conclude that it lacks jurisdiction, however, the court will allow plaintiff to re-file in this court," and that, "[b]ecause dismissal is appropriate under the principle of forum non conveniens, [the Court] will not address the other grounds for dismissal raised by defendants").

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss the Amended Complaint (Doc. No. 21). The Court **DISMISSES THIS CASE, WITHOUT PREJUDICE TO REFILING**, based on *forum non conveniens*. The Court **DIRECTS** the Clerk of Court to terminate this case.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 13, 2021.

                                                                       s/Thomas M. Rose

                                                                       THOMAS M. ROSE
                                                                    UNITED STATES DISTRICT JUDGE